In a two-count indictment, James Edward Sheridan was charged with the unlawful possession of a controlled substance in violation of § 13A-12-212, Code of Alabama 1975, and the unlawful distribution of a controlled substance in violation of § 13A-12-211, Code of Alabama 1975. The State subsequently dismissed the unlawful distribution count. The jury found Sheridan guilty of the unlawful possession of a controlled substance as charged in the indictment, and he was sentenced as a habitual offender to eight years' imprisonment. Four issues are raised on appeal.
 I.
In his motion to suppress and again at trial, Sheridan objected to the search of his motor vehicle, a van, on the ground that there was no evidence of probable cause, in violation of the Fourth and Fifth Amendments to the United States Constitution. On appeal Sheridan now argues that the State failed to establish that probable cause existed for the search of his van because the State failed (1) to prove the reliability of the informant, (2) to verify the basis of the informant's knowledge, (3) to refute the showing of interest on the informant's part, and (4) to produce the tape recording of the conversation between Sheridan and the informant, which allegedly formed the basis of the State's probable cause.
A defendant is bound by the grounds of objection stated at trial and may not expand those grounds on appeal. Bell v.State, 435 So.2d 772, 776 (Ala.Cr.App. 1983). The trial court will not be placed in error on grounds not raised at trial.Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App. 1984).
 "A general objection which does not specify grounds preserves nothing for review unless the ground is so obvious that the court's failure to act constitutes prejudicial error, . . . or unless the objected to matter is clearly not proper for any purpose. . . ."
Samuel v. State, 455 So.2d 250, 252 (Ala.Cr.App. 1984).
Sheridan is therefore barred by the general ground for his objection stated in his suppression motion and at trial and may not now expand that ground to include the four specific grounds raised on appeal.
We note that although this issue was not preserved for appeal, the police officers had probable cause to search Sheridan's van under the probable cause coupled with exigent circumstances exception to the warrant requirement. Probable cause exists where all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched. State v. Hammac, 546 So.2d 392 (Ala.Cr.App. 1989). Exigent circumstances exist whenever the object to be searched is mobile, such as an automobile. Perry v. State,549 So.2d 119 (Ala.Cr.App. 1988).
On March 15, 1990, Denny Merritt, an investigator for the Covington County Sheriffs Department, was approached by Robert Gundrum, a confidential informant, who supplied some information. Based on this information, Merritt decided to place a microphone on Gundrum, who was to try to *Page 131 
purchase cocaine from Sheridan. Merritt and Captain Jerry Newton of the Andalusia Department of Public Safety heard the conversation between Gundrum and Sheridan that occurred in the parking lot of the Flamingo Club. Merritt and Newton heard Sheridan ask Gundrum whether he wanted a $10 or $20 piece. Sheridan then told Gundrum that he was getting a good size rock for $20. After the transaction occurred, Merritt and Newton approached Sheridan's van and apprehended Sheridan.
The facts and circumstances within the knowledge of the two officers were sufficient to warrant a person of reasonable caution to believe that an offense had been committed and that further contraband could be found in Sheridan's vehicle. Hence, the trial court properly denied Sheridan's motion to suppress.
 II.
Sheridan contends that the trial court committed reversible error when it allowed Deputy Merritt to testify concerning the conversation between Sheridan and the informant, which Merritt heard over the electronic transmitter.
During the prosecutor's examination of Merritt, the following occurred:
 "Q. Okay. Now, what did you hear the Defendant say over that body mike?
"MR. LAIRD: I object. Hearsay.
"THE COURT: Overruled.
 "Q. All right. Denny, we are going back now. We have laid the predicate for his voice, your recognizing it. After you had let your Defendant off there two blocks away from the Flamingo Club and went to the Board of Education building?
"A. Correct.
 "Q. All right. Did you hear your informant have a conversation with the Defendant?
"A. Yes, I did.
 "Q. All right. Tell us what you heard the Defendant say to begin with?
"MR. LAIRD: Again, I object. Hearsay.
"THE COURT: Overruled.
 "A. The Defendant stated, what do you need, a ten or a twenty dollar.
 "Q. All right. And did some conversation take place?
"A. Yes, it did.
 "Q. All right. What was the last thing you heard the Defendant say?
 "A. The Defendant told him that was a good twenty dollar rock for twenty dollars.
 "Q. Okay. All right. What is the nickname for a twenty dollar rock?
 "A. The nickname for a twenty dollar rock is crack cocaine."
It is well settled that the acts, declarations, and demeanor of an accused before or after the offense, whether a part of the res gestae or not, are admissible against him, but that unless they are a part of the res gestae they are not admissible for him. Smoot v. State, 381 So.2d 668 (Ala.Cr.App. 1980). This court has also stated that "[a]ny conduct or declaration of a person having relation to the offense he is suspected of or charged with, indicating a consciousness of guilt, is admissible evidence against him." Sparks v. State,376 So.2d 834, 843 (Ala.Cr.App. 1979).
In the case sub judice, Sheridan's statements heard over the electronic transmitter were admissible to show a consciousness of guilt on Sheridan's part and were properly admitted into evidence against Sheridan.
 III
Sheridan contends that the trial court erred when it sustained the State's objection to the introduction into evidence of a certified copy of a charge against the informant which had been nol-prossed by the State. Sheridan asserts that he had the right to present evidence to the jury during Merritt's testimony that showed the informant's interest in the investigation and subsequent outcome of Sheridan's trial.
A determination of the admissibility of evidence rests within the discretion of the trial court and will not be disturbed on appeal absent a clear showing of an abuse of that discretion.Mitchell v. State, *Page 132 473 So.2d 591 (Ala.Cr.App. 1985). It is axiomatic that evidence must be material and relevant before it can be considered by the trier of fact. Material evidence is "that quality of evidence which tends to influence the factfinder because of its logical connection or pertinency to the disputed issue."Dawkins v. State, 455 So.2d 220, 221 (Ala.Cr.App. 1984). Relevant evidence "has some tendency to make the existence of any fact or inference that is of consequence to the determination of the action more or less probable than it would be without the evidence." Dawkins, supra, 455 So.2d at 221.
The informant did not testify as a witness in Sheridan's trial. Hence, the question of whether the informant might have had an interest in the investigation and outcome of Sheridan's trial was not relevant to Merritt's testimony, especially in light of the fact that Merritt had no knowledge about the charge against the informant or the subsequent nolle prosse. Because Sheridan did not subpoena the informant as a witness at his trial, he cannot now complain that he was unable to admit into evidence the certified copy of the charge against the informant, which was later nol-prossed.
Because, moreover, the probable cause for the search and for Sheridan's arrest was based on what the officers actually heard Sheridan say to the informant, the reliability of the informant had no logical connection or pertinency to any disputed issue during Sheridan's trial. The trial court therefore properly sustained the State's objection to the admissibility of the certified copy of the charge against the informant.
 IV.
Sheridan contends that the trial court erred in allowing Captain Newton to testify to facts not within his knowledge even though a proper predicate was not presented.
During the prosecutor's examination of Newton, the following occurred:
 "Q. Did you even hear the informant Gundrum go into the Flamingo Club?
"A. No, sir.
"Q. Did he go in?
"A. All right.
 "MR. LAIRD [defense counsel]: Objection. That. . . .
 "MR. McGUIRE [prosecutor]: Well, I'm going to. . . .
 "THE COURT: I don't — what has this got to do with rebutting stuff. . . .
 "MR. McGUIRE: He said that Mr. Gundrum came in the Flamingo Club and asked him for change. That's what I'm getting. . . .
"THE COURT: All right.
 "MR. LAIRD: It is speculation on this witness' part as to whether he went inside the club or not, because he has already testified that he was out of sight for some twenty minutes.
 "THE COURT: Well, I sustain on the basis of your predicate so far.
"MR. McGUIRE: Okay.
 "Q. Jerry, you heard the conversation between the Defendant and Robert Gundrum?
"A. Yes, sir.
 "Q. All right. Did you hear any discussion take place about changing a twenty dollar bill?
"A. No, sir.
 "MR. LAIRD: Objection. Improper predicate. Move to strike.
"THE COURT: Overruled.
 "Q. All right. Have you ever heard a transmission coming from inside the Flamingo Club before over the mike? I mean my question is, can you tell? Are you able to tell if a person goes inside or not?
"MR. LAIRD: Objection. Speculation.
 "THE COURT: Well, I sustain the objection and would ask you to break down your questions so that I can tell just what it is he is responding to out of that series.
"MR. McGUIRE: Okay.
 "Q. Jerry, if a person goes in a place where there is music playing, do you pick that up on the tape? On the mike?
"A. Yes, sir. *Page 133 
"Q. All right. Did you hear anything like that?
"A. No, sir.
 "Q. All right. And you heard no discussion whatsoever concerning changing a twenty dollar bill?
"A. No sir."
It is undisputed that a witness cannot testify to facts that are not within the witness's knowledge. Andrews v. State,370 So.2d 1070 (Ala.Cr.App.), cert. denied, 370 So.2d 1075 (Ala. 1979). It is also well settled that a witness can testify to his beliefs, thoughts, or impressions where he had the opportunity to observe. Williams v. State, 375 So.2d 1257
(Ala.Cr.App.), cert. denied, 375 So.2d 1271 (Ala. 1979).
The colloquy set forth above clearly shows that Newton testified to facts that were within his knowledge (he did not hear music playing in the background during his electronic surveillance of Sheridan and the informant) after the State had laid a proper predicate for the testimony (if Sheridan and the informant had entered a place where music was playing, the microphone on the informant would have picked up the music and it would have been recorded on the tape). Hence, the trial court did not err when it overruled Sheridan's objection to this testimony.
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.