Sylvia Ann Stallworth was indicted for the unlawful possession of cocaine, in violation of § 13A-12-212, Code of Alabama 1975. Stallworth entered a plea of not guilty to the charge. She then filed a motion to suppress evidence seized from the vehicle she was driving at the time of her arrest, as well as statements she allegedly made after her arrest. Following a hearing, the trial court granted Stallworth's motion. The State appeals from the trial court's order.
The evidence adduced at the suppression hearing tended to show the following. Captain Jerry Newton of the Andalusia Police Department testified that he had been working with the Okaloosa County, Florida, sheriff's office. Newton testified that at 3:20 p.m. on May 27, 1992, Deputy Mike Stewart of the Okaloosa County sheriffs office called him and told him of a tip he had received from a confidential informant. Newton testified that he knew the informant and that he had worked with him on at least two dozen occasions.
Newton testified that Stewart told him that the informant had said he had seen two people buy crack cocaine. The informant told Stewart the names of the two people, both of whom were known to Newton. The informant also said that the people, a black male and a black female, were in a yellow four-door Fairmont automobile with license plate number 23 BD 701. The informant told Stewart that the car had just left Cheeko Moore's house in Florida and was on its way to Andalusia. Newton testified that he knew Moore and that Moore was a known drug dealer.
Newton testified that he was in the police vehicle that stopped the Fairmont, which Stallworth was driving. As the car came to a stop, Newton testified that he saw Stallworth lean toward the passenger, and saw the passenger then "reach over or ben[d] down under the front" of his seat. Newton testified that he told Stallworth and the passenger why they had been stopped, and Officer Harrison searched the passenger. Because no female officer was at the scene, Newton said, another officer was called to take Stallworth to the police department to be searched. Newton testified that when the car was searched, police found crack cocaine under the passenger seat.
The trial court granted Stallworth's motion to suppress. In its order, the trial court said that, for the following reasons, the State had not met its burden of proving that the warrantless search of the car was a legal search.
 "(1) The informant's tip was double hearsay lacking the detail and reliability normally available from an officer who has had direct contact with the informant.
 "(2) The stop of the vehicle and immediate detention of the occupants was more than an investigatory 'Terry stop.' Thus, even if 'reasonable suspicion' rather than 'probable cause' is adopted as the standard for reviewing the decision of the law enforcement officers to stop the vehicle, the subsequent detention, search, and arrest of Defendant went beyond the brief detention, questioning, and investigation of a Terry stop.
 "(3) Reasonable suspicion, even if present, did not ripen into probable cause by discovery of any meaningful corroborating details prior to a full search of the vehicle." *Page 325 
First, we note that probable cause may be based on hearsay from a reliable source if there is a disclosed, reliable basis for the information. Marks v. State, 575 So.2d 611
(Ala.Crim.App. 1990); Illinois v. Gates, 462 U.S. 213 at 245,103 S.Ct. 2317, 2335, 76 L.Ed.2d 527 (1983); United States v. Hernandez,825 F.2d 846, 849-50 (5th Cir. 1987), cert. denied,484 U.S. 1068, 108 S.Ct. 1032, 98 L.Ed.2d 996 (1988); United States v.Asselin, 775 F.2d 445 (1st Cir. 1985); Waldrop v. State,462 So.2d 1021 (Ala.Cr.App. 1984), cert. denied, 472 U.S. 1019,105 S.Ct. 3483, 87 L.Ed.2d 618 (1985). Furthermore, information from fellow officers may be relied on to provide probable cause. United States v. Ventresca, 380 U.S. 102,85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Marks v. State, 575 So.2d at 611;Hallford v. State, 548 So.2d 526, 533 (Ala.Crim.App. 1988), aff'd, 548 So.2d 547 (1989), cert. denied, 493 U.S. 945,110 S.Ct. 354, 107 L.Ed.2d 342 (1989).
Whether there is probable cause to merit a warrantless search and seizure is to be determined by the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527 (1983). "Probable cause exists where all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched."Sheridan v. State, 591 So.2d 129, 130 (Ala.Crim.App. 1991).
The information the confidential informant gave Deputy Stewart, which Stewart then conveyed to Captain Newton of the Andalusia Police Department, was thorough and detailed. The informant, who had been used on more than two dozen occasions, according to Captain Newton, told Stewart he saw two people buy crack cocaine. The informant identified those people by name and described with great detail — down to the license plate number — the car in which they would be riding. The informant also said the suspects were on their way to Andalusia from the Florida home of a known drug dealer. When Newton saw a car matching the description given to him by Deputy Stewart arrive in the Andalusia police jurisdiction and saw that the two people in the car were the same people the informant said they would be, and further watched as the people in the car made movements as if they were putting something under the seat, he had probable cause to stop and search the vehicle. See, e.g.,Perry v. State, 549 So.2d 119 (Ala.Crim.App. 1988).
" 'The law is clear that a warrantless search of an automobile is justified where there is probable cause to believe the vehicle contains contraband. C. Gamble,McElroy's Alabama Evidence, § 334.01(7)(b) (3rd ed. 1977).'Lott v. State, 456 So.2d 857, 859-60 (Ala.Crim.App. 1984). 'Exigent circumstances are present whenever the object to be searched is mobile such as an automobile.' " Perry v. State, 549 So.2d at 121; Pinkney v. State, 598 So.2d 9
(Ala.Crim.App. 1991).
In this case, the police had probable cause to search the vehicle based on the detailed information the confidential informant had given to Deputy Stewart of the Okaloosa County, Florida, sheriffs office. When Deputy Stewart conveyed that information to Captain Newton of the Andalusia Police Department, Captain Newton was entitled to rely upon that information as though he had talked with the confidential informant. Because the object to be searched in this case was an automobile, exigent circumstances existed that allowed police to conduct a search without a warrant.
The search in this case was proper, and the trial court erred in granting Stallworth's motion to suppress the crack cocaine seized in the search. Additionally, the trial court erred in granting Stallworth's motion to suppress her statements based on an illegal search. Therefore, the order of the trial court granting Stallworth's motions to suppress evidence seized in the search of the car she was driving, and any statements she allegedly made after her arrest, is reversed.
REVERSED AND REMANDED.
All the Judges concur. *Page 326