I must respectfully dissent from the majority's holding that the warrantless search in this case was not supported by probable cause. The majority overlooks key facts and incorrectly relies upon Ex parte Tucker in reaching its conclusion. Below is a synopsis of the facts.
Officer Michael Drummond is a member of the Montgomery Police Department's "Retake Our Turf" unit ("ROT"), a drug task force team that conducts surveillance in "the high drug areas and the housing projects of Montgomery" in an effort to deter drug trafficking activity in those areas. When Drummond and the rest of his unit first saw the appellant, he was sitting on a car in the street with a group of 12 people who were listening to loud music. Several members of the group were consuming alcohol. Drummond knew that at least one member of the group was an active drug dealer. When Drummond approached this person and spoke to him, the entire group became visibly nervous, looked away from Drummond, and "started milling around as if they wanted to get out of the area." Drummond testified that based on his experience as a narcotics enforcement officer, he suspected that drug trafficking activity was taking place once he saw the reaction of this group.
After speaking with the person he knew, Drummond approached the appellant, who was sitting on the hood of a car. The appellant turned away from Drummond as he approached. Drummond walked within two feet of the appellant and asked him to stand so he could search him for weapons. The appellant did not respond. Rather, he continued to look away from Drummond in what Drummond said was a deliberate attempt to avoid eye contact. When Drummond repeated his request, the appellant remained silent and "looked up in the air away from [Drummond]." Based upon this response, Drummond became "suspicious about what he was about to do."
The appellant finally got off the hood of the car after Drummond's third request. Drummond noticed a plastic bag protruding from the the appellant's right front pants pocket. Drummond testified that in the vast majority of drug arrests made by the ROT task force, the drugs were found in plastic bags. The appellant immediately turned around in an effort, Drummond believed, to conceal the bag from Drummond's view. Drummond stated that "once [the appellant] turned around, he started looking in every direction as if he wanted to run away from [him]." Drummond believed that the plastic bag held drugs, based on the area's reputation for drug trafficking activity; on Drummond's experience as a drug enforcement officer; on the appellant's association with a known drug dealer; and on the appellant's pocket and discovered "a large amount of money." As he removed the bag, Drummond saw a second plastic bag in the watch-pocket portion of the same pocket. He believed this *Page 447 
second bag contained drugs, because, according to Drummond, drug possessors commonly hide drugs in their watch pockets "because they don't believe the police can see them or feel them when they pat them down." Drummond pulled the second bag from the appellant's right front watch pocket. The bag contained 18 smaller plastic bags of cocaine.
Probable cause for a warrantless search exists where "all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched." Sheridan v. State,591 So.2d 129, 130 (Ala.Cr.App. 1991). Applying the Illinois v.Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), "totality of the circumstances" test, Drummond had probable cause to believe that the second plastic bag contained drugs, thereby justifying the warrantless search.
First, Drummond's experience and expertise as a drug enforcement officer support a finding of probable cause, a factor the majority does not take into account in reaching its conclusion. While the majority correctly notes that the "interpretation of the term `probable cause' as applied to . . . undisputed facts . . . is a question of law," this court should not discard from our analysis the experience of police officers and their perceptions at the time the probable cause issue first arises. The inferences drawn by the police officer at the scene deserve deference. The United States Supreme Court in Ornelas v. United States, 517 U.S. 690,116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), cautioned the judiciary to defer to a police officer's judgment in matters based on his or her expertise in the field: "[O]ur cases have recognized that a police officer may draw inferences based on his own experience in deciding whether probable cause exists." Ornelas, 517 U.S. at 700,116 S.Ct. at 1663. Furthermore,
 "A trial judge views the facts of a particular case in light of the distinctive features and events of the community; likewise a police officer views the facts through the lens of his police experience and expertise. The background facts provide a context for the historical facts, and when seen together yield inferences that deserve deference."
Orneals, 517 U.S. at 699, 116 S.Ct. at 1663. In his dissent inTucker, Justice Maddox wrote that a reviewing court should evaluate the totality of the circumstances "`not in terms of library analysis by those versed in the field of law enforcement.'" 667 So.2d 1339,1352 (Ala. 1995) (J. Maddox, dissenting), quoting United States v.Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). Consistent with this policy, judges should rely on an officer's special expertise and experience in making such identifications.'"Ex parte Tucker, 667 So.2d 1339, 1345 (Ala. 1995) (quoting W. LaFave, 1 Search and Seizure § 3.2(c) at 571-72 (2d ed. 1987)). The majority does not consider Drummond's experience when it determines that probable cause did not exist to support the warrantless search; therefore, the majority's view is contrary to the policy expressed by the United States Supreme Court. Ornelas, supra.
Drummond is a member of a drug task force specifically formed to combat drug trafficking in areas of high drug activity. He testified that he suspected drug activity because the appellant and the people around him appeared restless when members of the task force approached. Drummond believed that the first bag he saw in the appellant's pocket contained drugs because: (1) the appellant was in an area known for its high drug trafficking activity; (2) he knew from his experience as a police officer that drugs are often carried in plastic bags; (3) the appellant was socializing with a known drug dealer; (4) the *Page 448 
appellant appeared to try to conceal the plastic bag from Drummond's view; and (5) the appellant acted like he was about to flee from the scene. The appellant's act of concealment and indication of flight together provide the probable cause necessary to justify the warrantless search. I reiterate the law that the majority correctly states is applicable to this case:
"The United States Supreme Court has stated:
 "`[D]eliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of mens rea, and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest.'
 "Sibron [v. New York], 392 U.S. [40, 66-67, 88 S.Ct. 1889, 1904, 20 L.Ed.2d 917 (1968)] (citations omitted). Professor LaFave has committed upon this language as follows:
 "`Thus if the police see a person in possession of a highly suspicious object or some object which is not identifiable but which because of other circumstances is reasonably suspected to be contraband, and then observe that person make an apparent attempt to conceal the object from police view, probable cause is then present.'
"W. LaFave, 2 Search and Seizure § 3.6(d) at 58 (2d ed. 1987)."
Ex parte Tucker, 667 So.2d at 1347.
Here, the appellant repeatedly ignored Drummond's requests to stand so that he could search him for weapons. Drummond also testified that while he stood only two feet away, the appellant appeared to deliberately turn his head away from Drummond in a strained effort to avoid eye contact. When he finally complied with the request, the appellant quickly turned in an effort to hide the plastic bags from Drummond's sight. Drummond also testified that throughout the search, the appellant was looking in all directions as if he were about to flee from the officers. I disagree with the majority's characterization of this conduct as mere "nervousness." The appellant's actions unmistakably included attempts to avoid detection of the plastic bags which were in his pocket. This conduct alone provided Drummond with probable cause to seize the bags without first obtaining a warrant. See W. LaFave, 2 Search and Seizure § 3.6(d) at 58 (2d ed. 1987).
Drummond had an even stronger basis upon which he could reasonably conclude that the second plastic bag contained drugs: (1) the large amount of cash, commonly associated with drug transactions, discovered in the first bag; (2) his knowledge, gained from his experience as a police officer, that people carrying drugs place them in their watchpockets to conceal them from an officer's view; and (3) all of the circumstances that justified the warrantless seizure of the first bag. Based on the totality of these circumstances, Drummond had probable cause to conduct a warrantless search of the appellant and seize both bags. Gates, supra.
The majority relies primarily upon Ex parte Tucker,667 So.2d 1339 (Ala. 1995). Tucker is factually distinguishable from this case. First, the police officers in Tucker had no reason to believe any illegal activity was occurring when they first approached the defendant. Here, Drummond testified that the appellant and the individuals around him became visibly nervous and "wanted to get out of there" when he and the other officers approached. Second, the defendant in Tucker voluntarily showed the officers the canister in his pocket upon a request from the police officers. Here, the appellant twice ignored Drummond's requests and then deliberately tried to conceal the plastic bags from his view. Finally, the appellant's conduct is much more furtive than the defendant's in Tucker because the appellant "attempted to prevent the police from initially observing the object in his pocket" (Tucker, *Page 449 
667 So.2d at 1348) and indicated that he was about to flee from Drummond during the search. These three distinctions, coupled with Drummond's experience with drug arrests, offered "a more articulable basis," which was absent in Tucker. See
667 So.2d at 1346.
Based on the foregoing, I respectfully dissent from the majority's holding that Drummond lacked probable cause to search the appellant and seize the second plastic bag containing the cocaine.