WINDOM, Presiding Judge
(concurring in the result).
I agree with the majority’s analysis in Part I of the unpublished memorandum in which the majority holds that the State failed to meet its burden to establish that the initial patdown search fell within the exception to the warrant requirement of the Fourth Amendment established in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Because the State failed to meet its burden of establishing that the initial search was constitutional, the remainder of the majority’s analysis is unnecessary. More importantly, I believe, contrary to the majority decision, that had *54 the initial patdown search been constitutional, the information the officer obtained during the patdown would have provided probable cause to search Saquan Edwards’s pockets following the patdown. Therefore, I concur only in the result of the majority’s decision.
Edwards was charged with second-degree possession of marijuana. See § 13A-12-214, Ala.Code 1975. Thereafter, Edwards filed a motion to suppress the marijuana that Officer R.S. Shoupe found in his pocket following a patdown. On October 18, 2011, the circuit court held a hearing on Edwards’s motion to suppress.
During the hearing, the State presented evidence indicating that on July 20, 2010, Officer Shoupe was informed that the police had received a complaint that people were possibly selling drugs “out on Veranda (phonetic) and the Coliseum, [an area known for drug activity and burglaries] .... ” (R. 7.) According to Officer Shoupe, Officer Carr Michael was the first to arrive on the scene and called for backup.[1] When Officer Shoupe arrived to back up Officer Michael, Officer Michael was talking to Edwards and Kendrick Campbell. Officer Shoupe testified that he did not know if the “scene was actually secured,” so he asked Officer Michael if he had conducted a patdown search on Edwards and Campbell. (R. 8.) Officer Michael told Officer Shoupe that he had not; instead, Officer Michael was “just keeping them within a distance [because] they [didn’t] seem to be a threat.” (R. 8.) When Officer Michael told Officer Shoupe that Edwards and Campbell did not seem to be a threat, Officer Shoupe said, “[W]ell, let’s make sure real quick” and conducted a patdown search of Edwards. (R. 8.)
While conducting the patdown of Edwards, Officer Shoupe felt a large bulge in Edwards’s right, front pocket. According to Officer Shoupe, based on his training and the way the bulge felt, he was of the opinion that the bulge was a bag of marijuana. At that point, Officer Shoupe asked Edwards what he had in his pocket, and Edwards admitted that it was marijuana. Thereafter, Edwards was arrested. At the conclusion of the hearing, the circuit court suppressed the marijuana.
It is well settled that warrantless searches and seizures are per se unreasonable under the Fourth Amendment unless the State establishes that the search or seizure falls within a recognized exception. Ex parte Hilley, 484 So.2d 485, 488 (Ala.1985). Exceptions to the warrant requirement include: 1) objects in plain view; 2) consensual searches; 3) a search incident to a lawful arrest; 4) hot pursuit or emergency situations; 5) probable cause coupled with exigent circumstances; and 6) an investigatory detention and frisk pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.1995).
Under the United States Supreme Court’s holding in Terry 392 U.S. 1, “[p]o-lice may conduct a patdown search without a .warrant if, under the totality of the circumstances, the officer has an articula-ble, reasonable suspicion that a person is involved in criminal activity and that he is armed.” State v. Taylor, 46 So.3d 504, 508 (Ala.Crim.App.2010) (citations and quotations omitted). “To justify the investigatory stop and patdown search, the officer’s actions must not be in response ‘to his inchoate and unparticularized suspicion or “hunch,” but [must be in response] to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.’ ” Ex parte James, 797 So.2d 413, 415 (Ala.2000) (quoting Terry, 392 U.S. at 26) (emphasis omitted). Thus, *55 “[i]f a reasonably prudent person [in the officer’s shoes with the officer’s experience and training] would believe that his safety, or the safety of others, is endangered, [the officer] may conduct a limited search of outer clothing to discover any weapons.” Taylor, 46 So.3d at 508 (citations and quotations omitted). Of course, “a police officer may intrude beyond the outer clothing of a suspect if, during the patdown, the officer ‘feels an object whose contour or mass’ gives him ‘probable cause to believe that the [object] is contraband,’ ” Ex parte James, 797 So.2d at 418, n. 1 (quoting Minnesota v. Dickerson, 508 U.S. 366, 375-76, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)).
This Court has held that “ ‘[p]robable cause exists where all the facts and circumstances within the officer’s knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched.’ ” State v. Stallworth, 645 So.2d 323, 325 (Ala.Crim.App.1994) (quoting Sheridan v. State, 591 So.2d 129, 130 (Ala.Crim.App.1991)). “The level of evidence needed for a finding of probable cause is low.” State v. Johnson, 682 So.2d 385, 387 (Ala.1996). “In dealing with probable cause ... we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act....” Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). “[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.” Stone v. State, 501 So.2d 562, 565 (Ala.Crim.App.1986) (quoting Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)).
Here, Officer Shoupe did not articulate facts that would support a “reasonable suspicion that [Edwards was] involved in criminal activity and that he [was] armed.” Taylor, 46 So.3d at 508 (citations and quotations omitted). Other than stating that he was responding to complaints about possible drug sales in a high-crime area, Officer Shoupe failed to provide any details that would lead a reasonable person to suspect that Edwards was involved in criminal activity. Further, Officer Shoupe did not provide any facts that would lead “a reasonably prudent person [to] believe that his safety, or the safety of others, [was] endangered-” Taylor, 46 So.3d at 508 (citations and quotations omitted). In fact, Officer Michael told Officer Shoupe that Edwards and Campbell did not seem to be a threat, and Officer Shoupe decided to conduct a patdown search to “make sure.” (R. 8.) See Ex parte James, 797 So.2d at 415 (officers may not conduct a patdown search based on nothing more than a hunch).
Because Officer Shoupe was unable to articulate facts that would create a reasonable suspicion that Edwards was involved in criminal activity or that he posed a threat to the officers, I agree with the majority that the initial search was improper under Terry and that all evidence seized following that improper search was correctly suppressed.
I would, however, stop there. The majority goes on to state that even if the initial stop were valid, the subsequent search of Edwards’s pocket was unconstitutional. I disagree. Officer Shoupe testified that during the patdown, he felt a bulge in Edwards’s pocket. Based on his training and experience, Officer Shoupe was of the opinion that the bulge was marijuana. At that point, Officer Shoupe asked Edwards what was in his pocket, and Edwards admitted that the item was *56 marijuana. See State v. Murray, 733 So.2d 945, 949 (Ala.Crim.App.1999) (neither reasonable suspicion nor probable cause is a constitutional prerequisite for a police officer to ask questions). Clearly, Officer Shoupe’s belief, based on his training and experience, that the bulge was marijuana coupled with Edwards’s admission provided a basis ‘“sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched.’ ” Stallworth, 645 So.2d at 325 (quoting Sheridan, 591 So.2d at 130). See also Ex parte James, 797 So.2d at 418, n. 1 (“a police officer may intrude beyond the outer clothing of a suspect if, during the patdown, the officer ‘feels an object whose contour or mass’ gives him ‘probable cause to believe that the [object] is contraband’ ” (quoting Dickerson, 508 U.S. at 375-76)). Therefore, I disagree with the majority’s conclusion that even if the initial patdown were constitutional, the evidence should still be suppressed.
Because the State failed to present sufficient evidence to establish that the initial patdown search fell within the Terry exception to the Fourth Amendment’s warrant requirement, I agree that the circuit court’s decision to suppress the marijuana found as a result of that patdown search should be affirmed. However, I do not agree with the remainder of the majority’s analysis; therefore, I concur in the result only.

. Officer Michael did not testify.