WELCH, Judge,
dissenting.
Donald Eugene Nix pleaded guilty to illegal possession of a controlled substance (methamphetamine), a violation of § 13A-12 — 212(a)(1), Ala.Code 1975. Before entering his guilty plea, Nix reserved the right to appeal the trial court’s denial of his motion and amended motion to suppress the methamphetamine an officer seized from his pants pocket during a traffic stop. See Smith v. State, 884 So.2d 3, 6 (Ala.Crim.App.2003) (noting that before entering his guilty plea, a defendant must reserve any issue he or she wishes to appeal); see also Rule 26.9(b)(4)(i), Ala. R.Crim. P. (stating that “before entering the plea of guilty [the defendant must have] expressly reserved his or her right to appeal with respect to a particular issue or issues”).
A hearing was conducted on Nix’s motions to suppress. Corporal A.D. Fergu *1107 son of the Montgomery Police Department gave the following testimony. On September 21, 2010, at approximately 11:30 a.m., he and his partner, Corporal M.E. Mash-burn were driving in their patrol car on Rigby Street near Lower Wetumpka Road in Montgomery as part of a “crime-reduction team” created to “ferret out crime in a neighborhood that’s been identified as a high crime area,” because the police department had received several complaints regarding drugs being sold in this area. (R. 17.) An automobile driven by William Dowe, in which Nix was the only passenger, swerved into Cpl. Ferguson’s lane, almost hitting his patrol car head-on. Because the officers had witnessed a traffic infraction and because they needed to investigate whether the driver was intoxicated or “high,” the officers turned their vehicle around and turned on the “lights” and siren, to initiate a traffic stop of the automobile. (R. 19, 20.) When Dowe and Nix saw the officers in pursuit, they parked their automobile in the driveway of a nearby house. Cpl. Ferguson opined that Dowe and Nix parked in the driveway believing that it would somehow be to their benefit if the officers believed they lived there. The officers parked behind Dowe’s vehicle to conduct the traffic stop. The officers discovered that neither Dowe nor Nix lived in the house attached to the driveway where they had parked nor did they know the homeowner; neither had any identification; and the automobile in which they were riding did not belong to either of them. Cpl. Ferguson removed Dowe from the automobile and conducted a safety patdown for weapons. (R. 23.) Cpl. Ferguson discovered a plastic bag containing marijuana in the change pocket of Dowe’s pants. According to Cpl. Ferguson, “[a]t that time,” Cpl. Mashburn had Nix get out of the vehicle, and pursuant to a patdown search of Nix, Officer Mash-burn found a plastic bag containing crystal methamphetamine in Nix’s pants pocket. (R. 13.)
Cpl. Mashburn, gave testimony similar to that of Cpl. Ferguson with the following exceptions and additions. Cpl. Mashburn stated that Dowe and Nix almost “T-boned” the officer’s patrol car because Dowe and Nix were apparently looking at the officers, causing Dowe to drive through a, stop sign. (R. 34.) Dowe and Nix then made a left turn so they were traveling in the opposite direction from the officers. He said that “before” the traffic stop was initiated, both Dowe and Nix were “very nervous” and “seemed to be very sh[aken] up” when they noticed the officers in their patrol car. (R. 28-29.)
After the stop was initiated and Cpl. Ferguson had removed Dowe from the vehicle, Cpl. Mashburn stated that he continued to talk to Nix, who was still seated inside the vehicle. Cpl. Mashburn stated that Nix was “shaking, sweating, [and] wouldn’t look me in the eye.” (R. 29.) However, Cpl. Mashburn conceded that Nix’s demeanor could have been caused as a result of to the near traffic accident that had occurred moments earlier. Cpl. Mashburn stated that “[he] looked down, and [he] saw something in [Nix’s] pocket at the time. [He] saw a knot and a small clear part of a plastic baggy.” (R. 29.) Cpl. Mashburn asserted that because the plastic bag was knotted, he knew it had something inside the bag. Cpl. Mashburn stated that in his work experience he has seen about 500 plastic bags similar to the one he saw protruding from Nix’s pocket and that those bags had contained narcotics; therefore, based on his experience and training, when he sees a plastic bag “like that,” he thinks it is narcotics. (R. 29.) However, Cpl. Mashburn conceded that he “could not see what was in the bottom of the plastic bag. [He] could just see from the knot up.” (R. 30.) Cpl. Mashburn *1108 stated that “without being able to see through [Nix’s] pockets” he was “speculating there might be narcotics involved.” (R. 35.)
Cpl. Mashburn stated that when Cpl. Ferguson found marijuana on Dowe, Mashburn instructed Nix to exit the vehicle and “the first thing [he] did was remove that clear plastic baggy.” (R. 31.) The plastic bag contained crystal methamphetamine. Continuing the patdown, Cpl. Mashburn found more crystal methamphetamine in Nix’s back pockets. Nix was handcuffed and taken to narcotics headquarters where Nix was positively identified and charged.
In support of his motion seeking to suppress the crystal methamphetamine, Nix argued that it was the fruit of a poisonous tree because, he says, he was searched as a direct consequence of what he alleged was an illegal search of Dow, and because the seizure of the plastic bag was based on only Cpl. Mashburn’s observation of the top knot of the bag protruding from Nix’s pocket, without Cpl. Mashburn’s knowing what was in the bag. The trial court denied the motion. Nix reserved the right to challenge on appeal the denial of his motion to suppress and then entered a plea of guilty.
On appeal Nix contends that because Cpl. Mashburn testified that he saw only the top knot of the plastic bag protruding from Nix’s pocket and because there was no testimony that he believed the bag to be a weapon and because he did not conduct a “feel” test to determine what was in the bag before removing it from Nix’s pocket, the seizure of the plastic bag was unlawful; therefore, Nix argues, the trial court should have granted his motion to suppress. The majority upholds the trial court’s denial of the motion to suppress, finding that probable cause existed to seize the plastic bag from Nix’s pocket. The majority states:
“[b]ecause the baggie was in plain view and was immediately identified by Officer Mashburn as contraband, and based on the totality of the circumstances, he had probable cause to seize the methamphetamine during the lawful patdown.”
Although I believe there may have been reasonable suspicion to justify further investigation, I do not believe that probable cause existed to justify seizure of the plastic bag. I believe the plastic bag was illegally seized; therefore, I must respectfully dissent.
“ ‘ “Whether there is probable cause to merit a warrantless search and seizure is to be determined by the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). ‘Probable cause exists where all the facts and circumstances within the officer’s knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched.’ Sheridan v. State, 591 So.2d 129,130 (Ala.Cr.App.1991).” ’ ”
Abner v. State, 741 So.2d 440, 443 (Ala.Crim.App.1998) (quoting Woods v. State, 695 So.2d 636 (Ala.Crim.App.1996), quoting in turn State v. Stallworth, 645 So.2d 323, 325 (Ala.Crim.App.1994)).
Based on the fact scenario in this case, the only possible justification for finding probable cause to seize the plastic bag is the plain-view doctrine. The plain-feel doctrine has no application in this case because no patdown of the pocket was conducted.
“It is well established that under certain circumstances the police may seize evidence in plain view without a warrant.” Arizona v. Hicks, 480 U.S. 321, 326, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987), citing *1109 Coolidge v. New Hampshire, 408 U.S. 443, 465, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
“[T]he United States Supreme Court has identified three requirements for application of the plain view doctrine, which are 1) that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, 2) that the incriminating character of the evidence must be immediately apparent, and 3) that the officer have a lawful right of access to the object itself.”
Cauls v. Virginia 55 Va.App. 90, 99, 683 S.E.2d 847, 851 (2009), citing Horton v. California, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). The traffic stop involving Nix was lawful; therefore, Cpl. Mashburn did not violate the Fourth Amendment in arriving at the place from which he could see the top knot of the plastic bag protruding from Nix’s front pants pocket. The determination before this Court is whether the “incriminating character of the plastic baggy was immediately apparent,” giving Cpl. Mashburn the right to seize the plastic bag. Cauls v. Virginia 55 Va.App. at 100, 683 S.E.2d at 851. If “the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object — i.e., ‘if its incriminating character [is not] immediately apparent,’ ... the plain-view doctrine cannot justify its seizure.” Minnesota v. Dickerson, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (emphasis omitted) (quoting Horton v. California, 496 U.S. at 136).
I do not believe that the incriminating character of the contents of the plastic bag were immediately apparent. Cpl. Mash-burn testified that, while Nix was still seated in his vehicle, Cpl. Mashburn saw the top knot of the plastic bag in question protruding from Nix’s pocket, and Cpl. Mashburn believed, based on his past law-enforcement experience, that plastic bags similar to Nix’s bag contain narcotics. However, Cpl. Mashburn stated he was speculating as to the contents of Nix’s plastic bag based on his past experience. Cpl. Mashburn stated that he did not actually know that the plastic bag contained narcotic because he neither saw narcotics nor conducted a patdown of the pocket concealing the contents of the plastic bag. Nevertheless, Cpl. Mashburn testified that when he instructed Nix to exit his vehicle, the first thing he did was remove the plastic bag from Nix’s pocket.
This Court has previously reversed a conviction in a case with similar facts. In Abner v. State, supra, the arresting officer, Officer Drummond, “walked up to the appellant ... at which point Officer Drum-mond saw a clear plastic bag sticking partly out of the appellant’s right front pants pocket.” Concisely, the following facts and conclusion were presented in Abner:
“The state argues that the cocaine was lawfully seized from the appellant because, it says, Officer Drummond had probable cause to believe that a crime was being committed in his presence. The state relies on the following facts to support its argument: (1) that the appellant was observed with or near a large group of people who had congregated in the street and who were playing loud music and drinking beer; (2) that when the police officers approached, the people in the group became nervous and started to mill around ‘as if they wanted to get out of the area’; (3) that the area was known to police to be an area where drug activity occurred; (4) that when Officer Drummond asked the appellant to get off the car he was sitting on, the appellant looked away and refused to make eye contact with the officer; (5) that there was a clear plastic *1110 bag in the appellant’s pants pocket, and Officer Drummond’s experience was that plastic bags were frequently used to transport drugs; and (6) that when the appellant got off the car, he quickly-turned from Officer Drummond so that the officer could not see the plastic bag. We hold that these facts, considered individually or taken together, did not constitute sufficient facts and circumstances upon which to find probable cause to arrest the appellant, to search his person, or to seize the plastic bags from his pocket.
[[Image here]]
“Based on Ex parte Tucker, [667 So.2d 1339 (Ala.1995),] and our analysis of the ‘totality of the circumstances’ in this case, we must conclude that the circumstances did not supply probable cause to search the appellant or to seize the plastic bags from his pants pocket. Thus, Officer Drummond’s intrusion into the appellant’s pocket to remove the plastic bags was unlawful. Any evidence uncovered by Officer Drummond after his initial unlawful intrusion into the appellant’s pocket and his removal of the first plastic bag was unlawfully obtained. Consequently, the cocaine contained in the second plastic bag found in and removed from the appellant’s pocket was seized pursuant to an unlawful search, and it was error for the trial court to deny the appellant’s motion to suppress the evidence.”
741 So.2d at 443-446 (footnote omitted; emphasis added).
I agree with the conclusion reached in Abner:
“It is not the primary purpose of plastic bags to hold illegal drugs, and the fact that an officer has first-hand experience with plastic bags containing drugs cannot, without more, provide probable cause to seize each plastic bag the officer may encounter. Moreover, as was the case in Ex parte Tucker, [667 So.2d 1339 (Ala.1995) ], the fact that the appellant was in an area known for drug activity and the fact that he had a clear plastic bag in his pocket that was partially exposed ‘do not by themselves, or taken together, constitute sufficient “facts and circumstances” upon which to base a finding of probable cause to search’ the appellant. See Ex parte Tucker, 667 So.2d [1339] at 1347 [ (Ala.1995) ].”
741 So.2d at 445.
Based on the above, I respectfully dissent.
KELLUM, J, concurs.